UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DAMIAN Y. JAMES,<br><br>    Defendant. | Case No. 07-cv-40006-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Damian Y. James' motion (Doc. 479) under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's May 10, 2013, order dismissing as a successive § 2255 petition an earlier Rule 60(b) motion seeking relief from his criminal judgment on the grounds that the Court erred when it considered a prior conviction at James' sentencing. James argues that his original § 2255 petition did not count because it was decided on procedural grounds – the statute of limitations – as opposed to the merits, so his Rule 60(b) motion was not a successive § 2255 petition.

In support of his position, he cites *Slack v. McDaniel*, 529 U.S. 473 (2000). *Slack* held that a petition under 28 U.S.C. § 2254 filed before the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b) & 2255), and dismissed without prejudice for failure to exhaust state court remedies did not render a later petition a "second or successive petition." *Id.* at 486-88. *Slack* does not hold, however, that dismissal of a petition on *any* procedural ground does not count for the purposes of identifying a second or successive petition. On the contrary, only technical or procedural defects *that can be cured* before refiling allow the first § 2254 petition not to be counted. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (*e.g.*, petitions filed in the wrong district, filed without paying the filing fee, or filed prematurely do not count). It is clear that an original § 2254 petition dismissed as untimely counts because that

defect cannot be corrected, so a later petition will be successive. *Id.* ("We hold today that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). The same rules apply with § 2255 petitions. *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013). James' argument in the pending Rule 59(e) motion is therefore without merit.

Consequently, as with his Rule 60(b) motion, the Court construes James' Rule 59(e) motion as a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence despite the fact that it is not explicitly labeled as such. "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *accord Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007). James' motion seeks to collaterally attack his sentence, so it is a § 2255 motion.

This is not James' first (or even his second) § 2255 motion. He filed his first motion in March 2011, and the Court denied it as untimely. *See James v. United States*, 11-cv-188-JPG. The Court dismissed his second petition for lack of jurisdiction in its May 10, 2013, order (Doc. 478). In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry*, 507 F.3d at 604; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It has not done so. Therefore, the Court does not have jurisdiction to entertain the pending § 2255 motion. Accordingly, the Court **DISMISSES** James' motion (Doc. 479) **for lack of jurisdiction**. This ruling renders **MOOT** James' motion for the status of this case (Doc. 480), and his request for free copies of documents from his criminal file is **DENIED** (Doc. 480).

**IT IS SO ORDERED.**
**DATED:   August 30, 2013**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**