UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>DAMIAN Y. JAMES,<br><br>   Defendant. | Case No. 07-cv-40006-JPG |

## MEMORANDUM AND ORDER

  This matter comes before the Court on defendant Damian Y. James' appeal of the Court's orders (Docs. 478 & 481) dismissing a motions to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 and a motion to vacate that order for lack of jurisdiction because both motions are actually successive § 2255 petitions filed without the proper authorization from the Seventh Circuit Court of Appeals.  Pursuant to Federal Rule of Appellate Procedure 22(b)(1), the Court construes James' notice of appeal as a request for a certificate of appealability.  *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  A § 2255 petitioner may not proceed on appeal without a certificate of appealability.  28 U.S.C. § 2253(c)(1); *see Ouska*, 246 F.3d at 1045.  A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack.  *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).  It may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045.  To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 132 S.Ct. 641, 648

(2012).  Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial."  *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).   In this case, the Court finds that no reasonable jurist could debate that James' filings were successive § 2255 petitions.   Therefore, James has not made the required showing, and the Court accordingly **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   October 7, 2013**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**