IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAMIAN Y. JAMES,

    Defendant.

No. 07-cr-40006-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Damian Y. James's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 40). Counsel voluntarily appeared for James and initially filed a motion to reduce James's sentence (Doc. 542). Upon further examination of the case, counsel moved to withdraw the motion for a sentence reduction (Doc. 546) and moved to withdraw as counsel on the basis that she can make no non-frivolous argument in support of the defendant's request (Doc. 547). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to the motion for a sentence reduction (Doc. 545) and to counsel's motion to withdraw, expressing no objection to counsel's withdrawal (Doc. 550). James has not responded, although he was given an opportunity to do so.

A jury found James guilty of one count of conspiracy to distribute 50 grams or more of crack cocaine, one count of being a felon in possession of a firearm, and two counts of distribution of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that James's relevant conduct was approximately 460.48 grams of crack cocaine, which under U.S.S.G. § 2D1.1 (2007) yielded a base offense level of 32. This level was increased by two points because

James possessed a dangerous weapon during the commission of the offense, *see* U.S.S.G. § 2D1.1(b) (2007), which yielded a total offense level of 34. Considering James's criminal history category of III, this resulted in a sentencing range of 188 to 235 months in prison. However, James's statutory minimum sentence for the conspiracy count was 20 years. *See* 21 U.S.C. § 841(b)(1)(A). Consequently, pursuant to U.S.S.G. § 5G1.1(b) (2007), his effective guideline sentencing range for the conspiracy count became 240 months. The Court sentenced James to serve 295 months on the conspiracy count, to run concurrently with the lesser terms of incarceration imposed on the other counts.

James now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the

merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). It is true that Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower the defendant's base offense level to 30, thus his total offense level to 32, where his sentencing range would have been 151 to 188 months had he not been subject to a mandatory minimum sentence. However, Amendment 782 did not change the fact that the defendant was subject to a mandatory minimum sentence of 240 months, which would establish his guideline range as 240 months under U.S.S.G. § 5G1.1(b). Since a range of 240 months is the same as the range actually used at sentencing, the defendant's sentencing range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **GRANTS** counsel's motion to withdraw as attorney (Doc. 547) and **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** from this matter. The Court further **GRANTS** the motion to withdraw the motion for a sentence reduction (Doc. 546) and **ORDERS** that the motion for a reduction (Doc. 542) is **WITHDRAWN**. The Court **DIRECTS** the Clerk of Court to send a copy of this order to Damian Y. James at his address in the Court's file.

**IT IS SO ORDERED.**
**DATED:   March 30, 2017**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **U.S. DISTRICT JUDGE**