UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

      Case No. 07-cr-40006-JPG-001

DAMIAN Y. JAMES,

          Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Damian Y. James's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 583).   The Government has responded to the motion (Doc. 585), and James has replied to that response (Doc. 586).

A jury found James guilty of one count of conspiracy to distribute 50 grams or more of crack cocaine (Count 1), one count of being a felon in possession of a firearm (Count 2), and two counts of distribution of crack cocaine (Counts 3 & 4).   The Court sentenced James on Count 1 under 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851, under which the statutory sentencing range was 20 years to life in prison, and on Counts 3 and 4 under 21 U.S.C. §§ 841(b)(1)(C) and 851, under which the statutory sentencing range was no more than 30 years.[1]

The Court found that James's relevant conduct was approximately 460.48 grams of crack cocaine, which under U.S.S.G. § 2D1.1 (2007) yielded a base offense level of 32.   This level

---

[1] The sentence for Count 2 is not relevant to the pending motion other than that it was included in the total sentencing package.

was increased by 2 points because James possessed a dangerous weapon during the commission

of the offense, *see* U.S.S.G. § 2D1.1(b) (2007), which yielded a total offense level of 34.

Considering James's criminal history category of III, this resulted in a sentencing range of 188 to

235 months in prison.   However, as noted above, James's statutory minimum sentence for the

Count 1 was 20 years.   *See* 21 U.S.C. §§ 841(b)(1)(A) & 851.   Consequently, pursuant to

U.S.S.G. § 5G1.1(b) (2007), his effective guideline sentencing range for Count 1 became 240

months.   The Court sentenced James to serve 295 months of imprisonment followed by 10 years

of supervised release on Count 1, and 235 months of imprisonment followed by 6 years of

supervised release on Counts 3 and 4, all to run concurrently.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First

Step Act.[2]   Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[2] Section 404 of the First Step Act provides in full:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.   First Step Act, § 404(b).   In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.   The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.   *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).   Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well.   *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

The parties agree that the defendant is eligible for a sentence reduction under the First Step Act.   His conviction is the type of conviction covered by § 404 of the First Step Act.   He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii) and, indirectly, in 21 U.S.C. § 841(b)(1)(C), the statutes under which he was sentenced for Counts 1, 3, and 4.   Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offenses qualify as covered offenses under the First Step Act.   *See Shaw*, 957 F.3d at 739.   Thus, the defendant is eligible for reduction under the First Step Act, subject to the

3

Court's discretion.

In support of a sentence of time served, James notes that, based on the jury finding with respect to Count 1 that he conspired to distribute 50 grams of crack cocaine, he would not now be subject to a statutory minimum of 20 years under 21 U.S.C. § 841(b)(1)(A)(iii) but instead only to a statutory minimum of 10 years under 21 U.S.C. § 841(b)(1)(B)(iii).   Further, recalculating his guideline range following retroactive amendments to the sentencing guidelines, his new guideline sentencing range would be 151 to 188 months.   He is 46 years old, and he has already served approximately 163 months in prison (roughly the equivalent of a 190-month sentence with good time credit).   He has participated in several prison programs and worked in various prison jobs since his incarceration.   He attributes any disciplinary violations to addiction.   Finally, he argues that in light of the COVID-19 pandemic, his release would help him and the Bureau of Prisons avoid spreading the contagion.

On the other hand, the Government urges the Court to use its discretion to deny the defendant a reduction despite his eligibility for one or.   It notes that the Court varied upward from the 240-month guideline sentencing range when it originally sentenced James because of his prior drug and violent crimes (including a horrendous murder), other criminal history, and the large amount of crack cocaine involved in the case.   It urges that these factors, in combination with James's prison disciplinary history, demonstrate that he has not learned to respect rules and remains a danger to others.   Alternatively, it argues that James's 295-month sentence was 55 months above his original guideline range, so if the Court is inclined to reduce his sentence, it should only reduce it to 240 months, proportionately above the high end of his new guideline range.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as

4

such a proceeding is not required by the First Step Act.   *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) ("Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").   Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request.   Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration of how to exercise its discretion.   *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).

Had the defendant been sentenced today under the Fair Sentencing Act, the statutory range for Count 1, the driver of James's sentencing guideline range, would have been different. The statutory range for conspiring to distribute 50 grams of crack cocaine, with the prior felony drug offenses listed in the § 851 information, would have been 10 years to life under 21 U.S.C. §§ 841(b)(1)(B)(iii) and 851, followed by a supervised release term of no less than 8 years.   And applying retroactive amendments to the sentencing guidelines, James's total offense level would have been 32 and his guideline sentencing range would have been 151 to 188 months for all counts.   This is an appropriate framework in which to consider a sentence reduction.

5

The Court's prior consideration of the § 3553(a) factors explained at sentencing remains valid and continues to justify an above-guideline sentence for the reasons given at the time.   The Court notes that James has several prison disciplinary infractions since then; they amount to about one a year.   While not perfect, it is not an outrageous disciplinary history.   Further, he has taken steps to improve himself through education and work.   Considering all the § 3553(a) factors as well as James's post-sentencing conduct, the Court concludes that a 220-month sentence, followed by an 8-year term of supervised release, is sufficient but no more than necessary to comply with the purposes set forth in § 3553(a) and is now an appropriate sentence. It therefore will reduce James's sentence of imprisonment accordingly on Counts 1, 3, and 4, all to run concurrently (the current 120-month sentence component attributable to Count 2 remains unchanged and, in fact, has already been served), followed by a term of supervised release on Count 1 of 8 years, to run concurrently with the existing terms imposed on Counts 2, 3 and 4.

For the foregoing reasons, the Court **GRANTS** the defendant's motion for a sentence reduction pursuant to the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 583).   The Court will enter a separate order for a reduction of sentence in its standard form.   In light of this ruling, the defendant's *pro se* motion for a sentence reduction is **DENIED as moot** (Doc. 572).

**IT IS SO ORDERED.**
**DATED:   August 26, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

6